UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

   DONALD L. BURKE,　　　　　　　　　　　　Case No. 10-22936-dob
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
          Debtor.　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/
AMBER BARNES and COURTNEY LANE,

   Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　Adversary Proceeding
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 10-2288-dob
DONALD L. BURKE,

   Defendant.
_____/

## OPINION GRANTING APPLICATION FOR COMPENSATION RELATED TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

On September 13, 2011, the Court entered an Order Setting Aside the Default and Default Judgment in this adversary proceeding. The Court directed Plaintiffs' counsel to submit an application for attorney fees and expenses and then allowed the Defendant an opportunity to respond to that application. On September 27, 2011, Plaintiffs' counsel submitted an Application for Compensation seeking $7,300.00 in fees based upon 36.5 hours of services at the rate of $200.00 per hour. Defendant objected to this Application on October 7, 2011. The Court has reviewed the pleadings of the parties, as well as the arguments of counsel made on February 17, 2011, and September 8, 2011.

Defendant objects to the request for $7,300.00 because the hours reported by Plaintiffs' counsel totaled 34.75, as opposed to 36.5. After reviewing the Application, the Court concludes that Defendant is correct and that the proper number of hours for consideration is 34.75.

1

Defendant next argues that the hourly rate of $200.00 per hour for Plaintiffs' counsel is excessive and is beyond the median hourly rate of $150.00 per hour and the mean hourly rate of $187 as reported by the State Bar of Michigan in the 2010 Economics of Law Practice, Attorney Income and Billing Rate Summary Report. The Court overrules this objection of the Defendant and notes that the hourly rate normally allowed by the Court in matters such as the instant case would be far in excess of the $200.00 per hour requested by Plaintiffs' counsel in this case given the experience and skill of Plaintiffs' counsel. Although Defendant is correct that Plaintiffs' counsel has his office in Arenac County, the Court concludes that the $200.00 per hour request in Plaintiffs' counsel's Application is reasonable under these circumstances, given the venue of this case.

Defendant also argues that Plaintiffs' counsel should not be compensated for services rendered prior to the motion to set aside the default and default judgment. After a close review of the Application, the Court concludes that the services rendered as requested by Plaintiffs' counsel are reasonable and necessary and would not have been incurred had Defendant timely answered the Complaint or otherwise appropriately responded. In this regard, the Court notes that Plaintiffs' counsel had to expend time and expense in preparing a default judgment and attending the hearing on the motion for default judgment that would have been unnecessary had Defendant promptly and properly acted. Accordingly, the Court overrules Defendant's objections in that regard.

Finally, the Defendant objects that services in connection with the so-called "341 transcripts" should not be compensated because these transcripts were not necessary for the obtaining of the default judgment. The Court has reviewed the February, 2011, hearing and agrees with Defendant that Plaintiffs' counsel did not refer to the first meeting of creditors transcripts at that hearing. Moreover, the Court has reviewed the docket and cannot find any reference to the first meeting of creditors transcripts that would support compensating Plaintiffs' counsel for these services.

Accordingly, the Court reduces the hours for services rendered on December 28, 2010, June 2, 2011, and August 17, 2011, which total 2.75 hours.

All other objections raised by the Defendant having been decided or overruled, the Court concludes that Plaintiffs' counsel's attorney fees should be reduced by 2.75 hours for a total of 32 hours and, at the rate of $200.00 per hour, $6,400.00 should be awarded in favor of Plaintiffs' counsel and against Defendant.

Defendant also sought the request for additional time beyond the original 63 days set forth in the previous Order of this Court. Given the delay of the Court in addressing the issues in this Opinion, the Court denies the request of Defendant, but will allow 63 days from the date of the entry of the Order corresponding with this Opinion for Defendant to pay the fees awarded in this Opinion.

**Signed on December 23, 2011**

                                      **/s/ Daniel S. Opperman**
                                      **Daniel S. Opperman**
                                      **United States Bankruptcy Judge**