UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

DONALD L. BURKE,                         Case No. 10-22936-dob
                                               Chapter 7 Proceeding
       Debtor.                                 Hon. Daniel S. Opperman
_____/
AMBER BARNES and COURTNEY LANE,

       Plaintiffs,

v.                                                           Adversary Proceeding
                                                          Case No. 10-2288-dob
DONALD L. BURKE,

       Defendant.
_____/

Opinion

On November 1, 2012, the Court conducted a hearing on Plaintiffs' Motion to Enter Judgment on Adversary Proceeding. Counsel for Plaintiffs and Defendant appeared and a preliminary question arose as to the applicability of a verdict entered in the Ogemaw County Circuit Court in the matter of *Amber Barnes and Courtney Lane v. Donald Burke and Money Makers Entertainment & Promotions, Inc.* ("Money Makers"), File No. 10-657745 CD ("Ogemaw Action"). Counsel for Defendant informed the Court that the Ogemaw Action only involved the corporate Defendant and not the individual Debtor. On November 1, 2012, the Court informed Defendant's counsel that at previous hearings Defendant's prior counsel argued the two actions involve similar facts which, in turn, caused some of the confusion that resulted in the entry of a Default in this case. Additionally, it appeared to the Court that the issues raised in the Ogemaw Action were similar to those in this action such that the only remaining issue was whether Defendant, Donald Burke, had

1

committed certain acts such that damages would result from those actions. As promised at the November 1, 2012, hearing, the Court reviewed the previous proceedings of September 8, 2011, to refresh the Court's recollection as to the arguments made on September 8, 2011.

A close review of the September 8, 2011, proceedings reveals that the parties agreed that many of the issues that were to be decided in the Ogemaw Action would apply in this action. In particular, Defendant, as an attachment to his Motion to Set Aside Default, attached a copy of the Complaint in the Ogemaw Action which included both Mr. Burke and Money Makers as party Defendants. Also attached to this Motion was the Answer of Defendant which changed the heading to exclude Mr. Burke, but with no explanation for that exclusion. The Court also notes upon its review of the September 8, 2011, proceedings that Defendant's prior counsel made an argument that there could be facts developed at the Ogemaw Action that would not rise to the issue of dischargeability as contemplated by 11 U.S.C. § 523.

With this record, the Court concludes that Defendant should be allowed to argue that the Ogemaw Action involved only actions of the corporation, Money Makers, but that the presumption will be that the actions of Mr. Burke, as the sole shareholder of Money Makers and as the individual in charge of the employment of Plaintiffs, would be construed against him, even though he was acting in his corporate capacity.

Accordingly, Defendant shall be allowed the opportunity to present arguments before the Court regarding this relationship.

In preparation of the upcoming hearing, counsel are directed to the following terms of the September 13, 2011, Order of this Court:

> "IT IS ORDERED that conditioned upon payment of allowed fees and expenses, said Motion is granted except as to the determination of dischargeability which is not set aside.

. . .

IT IS FURTHER ORDERED ... this matter shall continue and shall be decided in the Ogemaw County Circuit Court in the matter of Amber Barnes and Courtney Lane vs. Donald Burke and Money Makers Entertainment & Promotions, Inc., File No. 10-657745 CD."

Not for Publication.

**Signed on December 17, 2012**

                                        **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**